LAURA L. REED v. H. J. FARMER and others.

A suit is referred to A, whose award is to be a rule of Court, and who reports to Fall Term, 1872, a balance due plaintiff; neither party filing exceptions to the report, the plaintiff has a right to a judgment at the term to which the report is made. And upon motion of defendant, the cause being continued, at the ensuing term (still no exception being filed,) judgment being granted pursuant to award, his Honor committed no error in refusing to set aside the judgment, because the defendant filed an affidavit alleging that he had been misled as to the scope and intent of the reference by the referee, and that he could show certain facts in defense, &c.

CIVIL ACTION, tried before *Henry J.,* at the Spring Term, 1873, of HENDERSON Superior Court.

The counsel for the parties in the Court below being unable to agree upon a statement of the case, it was submitted to his Honor, who sent up with the transcript, the following " case settled."

" This case had been referred, by consent, to ascertain the amount due, and the award was to be entered as a rule of Court. There had been no answer by the defendant to the complaint filed by the plaintiff. Referee reported at Fall Term, 1872, stating the amount due to be $713.57. At that term the docket was regularly called *twice* and left the case open at defendant's suggestion, who was present in person, or by his counsel. At the last peremptory call of the docket, on the day of adjournment of the Court, the defendant was not present, and his counsel reported him sick, and asked that the case be continued on that account, which was done. No exception to the report of the referee was made.

At the present Spring Term, 1873, the case was regularly reached, and at the suggestion of the defendant, put at the end of the docket until the last and preremptory call of the docket, the day before the adjournment of the Court, when defendant's counsel asked for a continuance. The plaintiff's counsel demanded judgment, which was granted, there being still no exception filed to the report. Afterwards, defendant's counsel filed the following affidavit, and moved to

open the judgment, which was refused; from which ruling defendant appealed:"

"STATE OF NORTH CAROLINA,

HENDERSON COUNTY.

*Spring Term*, 1873.

North Carolina, to the use of
    LAURA L. REED
         *v.*              } *Affidavit.*
H. J. FARMER and others.

H. J. Farmer, being duly sworn, says: That the proceedings in this case under the reference to M. E. Carter, Esq., have been conducted in a manner prejudicial to the rights of the defendant, and without due notice to said defendant of the scope or intent of said reference; that at the time the said referee sat to take testimony and account under the rule of reference, this affiant was sick and totally unable to participate in the same without great pain and endangerment of life, as this affiant was advised. And affiant made known his said condition to said referee, when said referee told him this, his only purpose was to ascertain what of balance was due by defendant to plaintiff, that he might report the same to the Court.

Affiant admits that there is a balance due said plaintiff out of the office, but that it is due them out of funds and securities which affiant held as clerk and master under the direction and order of the Court of Equity, which fact he will be fully able to show upon being allowed so to do. That he always expected such right, and was misled by what the referee told him as to scope of his duty and authority under the reference, and but for being thus misled, he would at the time the referee sat, have made application for a postponement, being them unable to attend to it.

HENRY J. FARMER.

Sworn and subscribed, &c."

No counsel in this Court for defendant.
*Merrimon, Fuller & Ashe,* contra.

SETTLE, J.   This appeal must have been taken only for delay.   The defendant did not think proper even to answer the complaint.   The record shows, however that the case was referred to ——————— to ascertain the amount due, and the award was to be entered as a rule of Court.

The referee reported at Fall Term, 1872, stating the amount due to be seven hundred and thirteen dollars and fifty-seven cents.

No exception was taken to the report, but at the defendant's request, indulgence was granted him by the Court, and the case left open until the last day of the term for exceptions, when again upon his motion it was continued to the next term.

Again at Spring Term, 1873, when the case was regularly called it was put at the foot of the docket, at the request of the defendant, and when it was reached a second time, the defendant moved for a continuance, still without having filed any exceptions to the report.

This motion was refused, and judgment entered for the plaintiff in accordance with the award.   The defendant then filed an affidavit, alleging that he had been misled as to the scope and extent of the reference, that he was unwell and unable to attend when the referee took testimony; that there was a balance due the plaintiff out of the office, but that it was due her out of a fund and securities which affiant held as clerk and master under the direction and order of the Court of Equity, &c.

Upon his Honor's refusal to set aside the judgment, the defendant appealed to this Court.   We see no reason why the Court should not have entered judgment immediately upon the coming in of the report of the referee in pursuance of

the recital of record that the award was to be a rule of Court.

The defendant took no proper steps to impeach the award, or to test it in any manner.

Much more indulgence has been shown him than he had any right to expect, and it looks like trifling with the Courts to attempt in this way to set aside a judgment, after having every opportunity to bring forward any defence to which he was entitled.

Let it be certified that there is no error.

PER CURIAM.                              Judgment affirmed.